**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

VICKY ZIELEY, on behalf of herself and all others similarly situated,

Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

Defendant.

**CIVIL ACTION**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff VICKY ZIELEY (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Cohen & Mizrahi LLP, against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Fed. R. Civ. P 23, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.*; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.*; § 1692k.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using misleading, deceptive, unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 *et seq*., of the FDPCA which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

**PARTIES**

8. Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located in Norfolk, Virginia.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be

due another.

11. Defendant is a "debt collector," as defined under 15 U.S.C. § 1692a(6).

**CLASS ALLEGATIONS**

12. Plaintiff brings claims, pursuant to the Fed. R. Civ. P. 23(a) and 23(b)(3), individually and on behalf of the following consumer class (the "Class").

13. The Class consists of (a) all individuals with addresses in Queens County in the State of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt (d) falsely suggesting a dispute must be made in writing and making false and/or misleading representations as to the status of the debt (e) which letter was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

14. The identities of all Class members are readily ascertainable from Defendant's records and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1962e.

17. The Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

18. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience handling in consumer lawsuits,

complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the Class members. The Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest that are adverse to the absent Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to

vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that the questions of law and fact are common to all members of the Class and predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**ALLEGATIONS OF FACT PARTICULAR TO VICKY ZIELEY**

22. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

24. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a collection letter to Plaintiff seeking to collect on an unpaid account originally owed to Synchrony Bank.

25. On or about September 15, 2017, Defendant sent Plaintiff a collection letter (the "Collection Letter"). A copy of the Collection Letter is attached hereto and incorporated herein as **Exhibit A**.

26. The Collection Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

28. Upon information and belief, said Collection Letter was an initial communication between Plaintiff and Defendant.

29. The Collection Letter provides, in pertinent part, as follows: "Total Now Due: $8,782.83".

30. The Collection Letter also provides, in pertinent part, as follows:

> **"DISPUTES CORRESPONDENCE ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com"

31. As a result of the following counts, Defendant violated the FDCPA.

**Firsts Count**
**15 U.S.C. §1692e**
**Falsely Suggesting a Dispute Must be Made in Writing**

32. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

35. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

36. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

37. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

38. Defendant's Collection Letter is reasonably susceptible to an inaccurate reading of Plaintiff's right to dispute the debt in other ways than in writing.

39. Defendant's Collection Letter is deceptive within the meaning of the FDCPA.

40. It is a violation of the FDCPA to include language in the Collection Letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be communicated in writing.

41. Defendant's Collection Letter provides, on the back thereof, as follows:

> "**DISPUTES CORRESPONDENCE ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com"

42. Disputes do not need to be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

43. When confronted with Defendant's Collection Letter which provides, "**DISPUTES CORRESPONDENCE ADDRESS**:" it is reasonable for the least sophisticated consumer to believe that all disputes would be needed in writing. This is inaccurate because Plaintiff and other consumers can dispute the debt orally by telephone.

44. When confronted with Defendant's Collection Letter which states, "**DISPUTES CORRESPONDENCE ADDRESS:**" it would be reasonable for the least sophisticated consumer to understand that statement to mean that in order to dispute the debt she must send it in writing. That is inaccurate since she can dispute the debt verbally.

45. The least sophisticated consumer would be unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

46. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

47. Because the Collection Letter, for the reasons described above, could be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it violates 15 U.S.C. § 1692e. See *Balke v. Alliance One Receivables Management, Inc*., No. 16-CV 5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

**Second Count**
**15 U.S.C. §1692e**
**False or Misleading Representations as to Status of Debt**

48. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including, without limitation, 15 U.S.C. § 1692e.

50. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

51. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

52. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

53. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

54. Defendant's conduct constitutes a false, deceptive and misleading representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

55. The Collection Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must be inaccurate, in violation of 15 U.S.C. § 1692e.

56. Pursuant to the terms and conditions of the agreement between Synchrony Bank and Plaintiff, Synchrony Bank charged Plaintiff interest and late fees on any payments due but not timely made by Plaintiff.

57. The right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff was not waived by Synchrony Bank.

58. The right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

59. Plaintiff was never informed by anyone that the terms and conditions of the underlying agreement were changed.

60. Pursuant to the terms and conditions of the credit agreement, interest and late fees continued to accrue on any payments due but not timely made by Plaintiff.

61. Pursuant to the terms and conditions of the credit agreement, Synchrony Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff.

62. Pursuant to the terms and conditions of the credit agreement, the legal right of Synchrony Bank and any assignee or successor-in-interest to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff is not waived by Synchrony Bank or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest and late fees.

63. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and late fees.

64. The Collection Letter failed to disclose that the balance stated may increase due to interest and late fees.

65. Based on the foregoing, the Collection Letter violates 15 U.S.C. § 1692e.

66. In the alternative, Plaintiff's account was not subject to the accrual of interest and late fees.

67. By stating "Total Now Due: $8,782.83" Defendant falsely suggested that immediate payment of the balance would benefit Plaintiff by implying that the balance would be subject to change and could be subject to additional interest and late fees.

68. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including, without limitation, § 1692(e).

69. Because the Collection Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

70. For these reasons, Defendant violated 15 U.S.C. § 1692e. See *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018); *Thomas v. Midland Credit Mgmt., Inc.*,

No. 2:17-CV-00523(ADS)(ARL), 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017); *Islam v. American Recovery Service Incorporated*, 17-CV-4228 (BMC), 2017 WL 4990570, at *2 (E.D.N.Y. Oct. 30, 2017).

71. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including, without limitation, § 1692(e).

72. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, statutory damages, costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Cohen & Mizrahi LLP as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: */s/ Daniel A. Louro*

Daniel A. Louro, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201

Telephone: (929) 575-4175
Facsimile: (929) 475-4195
Email: dlouro@cml.legal
*Attorneys for Plaintiff*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel A. Louro*
Daniel A. Louro, Esq.

Dated: Brooklyn, New York
June 14, 2018